**Lisa Ziarko MARSHALL**

v.

**Michael ZIARKO.**

**No. 99–217–Appeal.**

Supreme Court of Rhode Island.

April 23, 2001.

Robert M. Brennan.

Costant Poholek, Jr.

## ORDER

In this case, Michael Ziarko (defendant) appeals from an order of the Family Court entered on February 8, 1999 modifying a previous child custody decree entered by it on October 24, 1997. In the February 8, 1999 order, the Family Court granted Lisa Marshall (plaintiff) sole custody over the plaintiff's and defendant's minor child and also directed the defendant to pay various fees owed to the plaintiff and the plaintiff's attorney. The defendant contends on appeal, *inter alia*, that the Family Court lacked jurisdiction to enter the February 8, 1999 order. We agree.

From the record, we have determined that both parties and their minor daughter all have been domiciled in the Commonwealth of Massachusetts since September, 1997. Since the change in domicile, the defendant filed a petition to register and enforce the final divorce judgment of the Family Court of Rhode Island in a probate court of the Commonwealth of Massachusetts. Subsequently, on November 25, 1998, the plaintiff filed her motion in the Family Court in Rhode Island seeking, *inter alia*, to be awarded sole custody. Following the Family Court's granting of the plaintiff's motion, the defendant appealed to this Court.

In determining whether a court has jurisdiction in a custody dispute, we look to the federal Parental Kidnapping Prevention Act (PKPA) and the Rhode Island Uniform Child Custody Jurisdiction Act (UCCJA). *See* 28 U.S.C.A. § 1738A; R.I. G.L. (1956) § 15–14–4. Under *Nadeau v. Nadeau,* 716 A.2d 717, 725 (R.I.1998), in the event of a conflict between the two statutes, the PKPA controls. Finding a conflict in this case, we turn to the PKPA for guidance. The PKPA provides a "child custody or visitation" determination may be made by a state court only when certain requirements have been met. In this case, since both parties and the child have resided and been domiciled in Massachusetts since September, 1997, the Rhode Island Family Court has not met any of the enumerated prerequisites for jurisdiction and, thus, it lacks jurisdiction to modify the October 24, 1997 custody decree.

Accordingly, the defendant's appeal is sustained. The February 8, 1999 order of the Rhode Island Family Court is vacated. The February 15, 1999 order of the Rhode Island Family Court, sentencing the defendant to the Adult Correctional Institution for failing to pay moneys owed to the plaintiff and the plaintiff's counsel, is also vacated.